IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BRIAN KEITH FORSHEE,

                                                                                     OPINION AND ORDER

               Plaintiff,

                                                                                       12-cv-152-slc[1]

     v.

SHERIFF DAVID MAHONEY
and DANE COUNTY JAIL,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Brian Keith Forshee has a filed a proposed complaint under 42 U.S.C. § 1983 in which he alleges that he is incarcerated at the Dane County jail and that jail staff are refusing to provide his prescribed medication for attention deficit hyperactivity disorder. Now that plaintiff has made an initial partial payment of the filing fee in accordance with 28 U.S.C. § 1915(b)(1), his complaint is ready for screening under 28 U.S.C. §§ 1915(e)(2) and 1915A.

      Medical care claims are governed by the Eighth Amendment with respect to convicted prisoners and the Fourteenth Amendment with respect to pretrial detainees. Williams v.

---

[1] I am exercising jurisdiction over this case for the purpose of this order.

Rodriguez, 509 F.3d 392, 401 (7th Cir. 2007). Although plaintiff does not say whether he has been convicted or is still awaiting trial, it does not matter because the Court of Appeals for the Seventh Circuit has applied the same standard for medical care claims under both the Eighth Amendment and the Fourteenth Amendment. Id. In particular, the question is whether the prison official was "deliberately indifferent" to a "serious medical need." Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).

A "serious medical need" may be a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a lay person. Johnson v. Snyder, 444 F.3d 579, 584-85 (7th Cir. 2006). The condition does not have to be life threatening. Id. A medical need may be serious if it "significantly affects an individual's daily activities," Gutierrez v. Peters, 111 F.3d 1364, 1373 (7th Cir. 1997), if it causes significant pain, Cooper v. Casey, 97 F.3d 914, 916-17 (7th Cir. 1996), or if it otherwise subjects the prisoner to a substantial risk of serious harm, Farmer v. Brennan, 511 U.S. 825 (1994). "Deliberate indifference" means that the officials are aware that the prisoner needs medical treatment, but are disregarding the risk by failing to take reasonable measures. Forbes v. Edgar, 112 F.3d 262, 266 (7th Cir. 1997).

Thus, under this standard, plaintiff's claim has three elements:

(1) Does plaintiff need medical treatment?

(2) Do defendants know that plaintiff needs treatment?

2

(3) Despite their awareness of the need, are defendants failing to take reasonable measures to provide the necessary treatment?

In <u>Ciarpaglini v. Saini</u>, 352 F.3d 328, 331 (7th Cir. 2003), the court assumed that attention deficit disorder could be a serious medical need, so I will do the same for the purpose of screening.  However, I cannot allow plaintiff to proceed at this time because he has failed to show that he may sue either defendant that he named in the complaint.  The Dane County jail is a building and cannot accept service of process, so it cannot be sued. <u>Smith v. Knox County Jail</u>, 666 F.3d 1037, 1040 (7th Cir. 2012).  Although individuals such as defendant Mahoney may be sued, plaintiff does not allege that Mahoney was involved in any decision to deny plaintiff his medication.  In fact, plaintiff does not include any allegations in his complaint about Mahoney.

Plaintiff may believe that Mahoney is a proper defendant simply because he is the sheriff and is responsible for everything that happens at the jail, but that is incorrect.  Under 42 U.S.C. § 1983, the statute authorizing lawsuits for constitutional violations, a person may not be held liable unless he was personally involved in the violation, which means that he participated in the alleged unconstitutional conduct.  In this case, plaintiff would have to show that Mahoney was involved in the decision to deny the medication.  It is not enough to show that a particular defendant is the supervisor of someone else who committed a constitutional violation.   <u>Burks v. Raemisch</u>, 555 F.3d 592, 593-94 (7th Cir.2009)

3

("Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise."). Accordingly, plaintiff cannot proceed against the sheriff on this claim.

Plaintiff attaches documents to his complaint that identify other jail officials involved in the decisions, but plaintiff does not name any of these other individuals as defendants and the court does not have the authority to amend plaintiff's complaint for him. Myles v. United States, 416 F.3d 551, 551 (7th Cir. 2005). However, I will give plaintiff an opportunity to amend his complaint so that he may name different defendants and include allegations showing that each defendant was personally involved in the alleged constitutional violation.

ORDER

IT IS ORDERED that plaintiff Brian Keith Forshee's complaint is DISMISSED WITHOUT PREJUDICE. Plaintiff may have until May 30, 2012, to file an amended complaint that includes allegations showing that each defendant named in the amended complaint was personally involved in the alleged constitutional violation. If plaintiff fails to respond by that date, I will dismiss the complaint with prejudice for plaintiff's failure to

4

state a claim upon which relief may be granted.

Entered this 9th day of May, 2012.

                                                BY THE COURT:
                                                /s/
                                                BARBARA B. CRABB
                                                District Judge