IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BRIAN KEITH FORSHEE,

                                                     ORDER

                Plaintiff,

                                                 12-cv-152-slc

      v.

DENNIS BRIGHTWELL, LYNN MASKEL,
SARAH KOWALSKI and MARK TWOMBLY,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On August 29, 2012, the United States Marshals Service submitted an unexecuted service form as to defendant Lynn Maskel, a former contract employee of the Dane County jail, along with the information that the service had sent a letter to Maskel at what it believed was her address. On September 5, 2012, this court directed the service to try again to locate Maskel and serve her. In response, the marshals service has filed a letter providing more details about its attempt to locate this defendant, saying that it contacted the jail, defendant's former employer, and obtained an address at 6666 Odana Road, Madison, Wisconsin, 53711, that turned out to be that of a United Parcel Service store. The store would not place a notice of address in the box for Maskel. The marshals service mailed two notices to the Odana Road address and investigated an additional address that was a vacant store front on University Avenue in Madison.

In addition, the marshals service received an inquiry from a lawyer, Robert Labelle,

1

calling on behalf of Maskel. It advised Labelle that it had a summons for Maskel; Labelle said he would check with Maskel and call back. He never did. The marshals service placed two separate calls to Labelle's office at the numbers he had supplied (414-276-1233 and 414-331-8177) but they were not returned.

I conclude that the United States Marshals Service has made a reasonable effort to locate defendant Maskel and has been unsuccessful. Sellers v. United States, 902 F.2d 598, 602 (7th Cir. 1990) (once defendant is identified, marshal must make reasonable effort to obtain current address). As I explained in the September 5 order, reasonable efforts do not require the marshal to be a private investigator for civil litigants or to use software available only to law enforcement officers to discover addresses for defendants whose whereabouts are not discoverable through public records.

A plaintiff cannot maintain a lawsuit against a defendant such as Maskel who has not received notice of the claim against her and is therefore unable to defend against allegations of wrongdoing. Instead, the action must be dismissed as to defendant Maskel, without prejudice to plaintiff's filing a new action against her at some future time if plaintiff is able to locate Maskel so that she may be served with his complaint.

ORDER

IT IS ORDERED that defendant Lynn Maskel is DISMISSED from this action

without prejudice to plaintiff's filing a lawsuit against her sometime in the future.

Entered this 9th day of October, 2012.

                                                         BY THE COURT:
                                                        /s/
                                                        BARBARA B. CRABB
                                                        District Judge